UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MICHAEL R. SMITH, | CIVIL ACTION NO. 5:14-260-KKC |
| **Plaintiff,** | |
| V. | MEMORANDUM OPINION AND ORDER |
| PAUL PARKS, BRAD HISLOPE, and CITY OF HARRODSBURG, | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on two motions to dismiss (DE 3 and 5) filed by defendants Paul Parks, Brad Hislope, and the City of Harrodsburg. For the reasons stated below, defendants' motions will be denied without prejudice.

## 1. Background

On June 5, 2014, plaintiff Michael R. Smith, proceeding *pro se*, filed a complaint in Fayette Circuit Court against Mercer County Deputy Sheriff Paul Parks, Harrodsburg Police Officer Brad Hislope, and the City of Harrodsburg. (DE 1-3). Plaintiff alleges that he was the victim of racial discrimination by Deputy Parks and Officer Hislope and seeks damages against them and the City of Harrodsburg. He also asserts a malicious prosecution claim against Deputy Parks. At plaintiff's direction, summonses were issued by certified mail to Mercer County Attorney Ted Dean as the service of process agent for each defendant. (DE 1-3, p. 27-30).

On July 1, 2014, defendants timely removed the action to this Court. (DE 1). On November 18, 2014, Officer Hislope and the City of Harrodsburg filed a motion to dismiss

1

asserting a lack of personal jurisdiction due to insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5), as well as a failure to comply with the time limits set forth in Rule 4(m). (DE 3). Deputy Parks then filed a motion to dismiss on the same grounds. (DE 5). Defendants' sole argument is that they have not been properly served because Mercer County Attorney Ted Dean is not the correct service of process agent for any of the defendants and the time period to cure defects in service has lapsed. Plaintiff opposes both motions, arguing that Ted Dean was a proper service of process agent for each defendant and that defendants' removal of the action shows that they had actual notice of the lawsuit. (DE 4, p. 2).

## II. Discussion

As an initial matter, the Court must reject plaintiff's argument that defendants waived proper service because they demonstrated actual notice of the suit when they removed case to this Court. The Sixth Circuit has stated that it will not permit actual knowledge of a lawsuit to substitute for proper service of process. *See LSJ Inv. Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir. 1991). Moreover, the United States Supreme Court has held that a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court. *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929).

Failure to comply with state service-of-process rules can result in the dismissal of removed cases. *See Bates v. Harp*, 573 F.2d 930, 933–34 (6th Cir. 1978). "In determining the validity of service [in state court] prior to removal, a federal court must apply the law of the state under which the service was made." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (2d ed. 1987). However, after an action is removed, federal law controls, and defects in service must be cured in accordance with the Federal

2

Rules of Civil Procedure. Fed. R. Civ. P. 81(c)(1) (stating that "[t]hese rules apply to a civil action after it is removed from a state court"); 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").

Here, before this action was removed, service of process was controlled by the Kentucky Rules of Civil Procedure. Proper service of process on individuals, like Officer Hislope and Deputy Parks, is governed by Rule 4.04(2) of the Kentucky Rules of Civil Procedure, which provides that:

> Service shall be made upon an individual within this Commonwealth, . . . by delivering a copy of the summons and of the complaint . . . to him personally or, if acceptance is refused by offering personal delivery to such person, or by delivering a copy of the summons and of the complaint . . .  to an agent authorized by appointment or by law to receive service of process for such individual.

Ky. R. Civ. P. 4.04(2). It is undisputed that plaintiff did not personally serve Officer Hislope or Deputy Parks, and despite plaintiff's argument to the contrary, nothing suggests that Mercer County Attorney Ted Dean was an agent authorized to accept service on behalf of either defendant. Accordingly, proper service was not effectuated on Officer Hislope and Deputy Parks prior to the removal of this action.

It also appears that the City of Harrodsburg was not properly served before this action was removed. Rule 4.04(7) of the Kentucky Rules of Civil Procedure provides, in pertinent part, that "[s]ervice shall be made upon a city by serving the chief executive officer thereof or an official attorney thereof." Ky. R. Civ. P. 4.04(7). While plaintiff served Mercer County

Attorney Ted Dean, he is not the proper service of process agent for the City of Harrodsburg because he is neither the city's chief executive officer nor its official attorney. Mercer County and the City of Harrodsburg do not have a consolidated city-county government. Thus, service of process on Mercer County Attorney Ted Dean did not constitute proper service on the City of Harrodsburg.

Because this action has been removed, the Court must look to the Federal Rules of Civil Procedure to cure the defects in service. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1). Federal Rule of Civil Procedure 4 governs the issuance of summonses in this Court. Subsection (m) provides the time limits for service. For cases originally filed in federal court, Rule 4(m) permits service within 120 days after the filing of the complaint. However, in a case removed from state court, the 120-day time period begins to run on the date of removal. *See Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 721 (E.D. Mich. 2006) (holding that "in a case removed from state court, the time [in Rule 4(m)] begins to run on the date of removal"); *Bruley v. Lincoln Prop. Co., N.C., Inc.*, 140 F.R.D. 452, 453 (D. Colo. 1991) (holding that the "120 day period for serving process starts to run on the date of removal rather than the date the state complaint was filed").

This case was removed on July 1, 2014, and no other service of process has been issued or completed so the 120-day period to effectuate service has passed. However, Rule 4(m) allows a district court to extend the time for proper service. In relevant part, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Courts have held that the first sentence of Rule 4(m) allows a district court to extend the time to effectuate service, even absent a showing of good cause. *See, e.g., Stewart v. Tenn. Valley Auth.,* 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (unpublished table decision) ("[T]he court has discretion to permit late service even absent a showing of good cause."); *Kinney v. Lexington-Fayette Urban Cnty. Gov't*, No. 5:12-360-KKC, 2013 WL 3973172, at *2 (E.D. Ky. Aug. 1, 2013) (stating that even when no good cause has been shown, "the Court must still determine if it should exercise its discretion to expand the time for service"); *Wise v. Dep't of Def.*, 196 F.R.D. 52, 55–56 (S.D. Ohio 1999) (concluding that the district court had discretion to extend the 120-day period to effect service, "pursuant to the first clause of Rule 4(m), even absent a showing of good cause"); *see also Henderson v. United States,* 517 U.S. 654, 662 (1996) (stating in dicta that "in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'"); Fed. R. Civ. P. 4(m) advisory committee's notes ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."). Courts in this Circuit have outlined several factors to consider in making this decision, specifically:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Kinney,* 2013 WL 3973172, at *2 (quoting *Kirk v. Muskingum Cnty. Ohio,* No. 2:09–CV–00583, 2011 WL 1480136, at *5 (S.D. Ohio Apr. 19, 2011)).

Here, there is no reason to question plaintiff's ability to promptly effectuate service now. Plaintiff attempted service on all defendants at the time of the filing of his complaint in state court. The second and third factors also weigh in plaintiff's favor. All defendants had actual notice of the lawsuit because they jointly removed the case to this Court. Beyond the additional passage of time since the complaint was filed, the Court finds no additional prejudice to defendants, and they have not pointed to any prejudice in their motions to dismiss. However, it does not appear that plaintiff would suffer substantial prejudice if the action were dismissed without prejudice. Finally, considering that plaintiff is not represented by counsel, he did make an initial, good-faith attempt to serve Deputy Parks, Officer Hislope, and the City of Harrodsburg when he served Mercer County Attorney Ted Dean. Overall, the factors weigh in favor of allowing plaintiff a brief extension of time under Rule 4(m) to effectuate service. No other extensions will be granted without a showing of good cause.

Plaintiff should first consult subsections (a), (b), and (c) of Rule 4 of the Federal Rules of Civil Procedure to determine the necessary contents and procedure for an issuance of a summons in federal court. Plaintiff should then serve Officer Hislope and Deputy Parks in accordance with Rule 4(e) of the Federal Rules of Civil Procedure, which provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

6

**(2)** doing any of the following:

> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiff should serve the City of Harrodsburg in accordance with Rule

4(j)(2) of the Federal Rules of Civil Procedure, which provides:

> **(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). The Court will not dismiss plaintiff's complaint at this time, but the

Court reserves the right to reconsider dismissal under Rule 4(m) if the plaintiff fails to

effectuate proper service of process by the deadline imposed by the Court.

### III. Conclusion

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff is **GRANTED** an extension of time until **March 23, 2015,** to effectuate

   service on all defendants;

2. Defendants Brad Hislope and the City of Harrodsburg's motion to dismiss (DE 3) is

   **DENIED WITHOUT PREJUDICE**;

3. Defendant Paul Parks's motion to dismiss (DE 5) is **DENIED WITHOUT PREJUDICE**;

4. Plaintiff Michael Smith's Motion for Hearing (DE 15) is **DENIED AS MOOT** as plaintiff has withdrawn this motion; and

5. Plaintiff Michael Smith's Motion for Order (DE 16) is **DENIED AS PREMATURE** as the parties have not yet exchanged information through discovery. After proper service and answers, the Court will enter a scheduling order explaining how the parties should proceed with discovery and dispositive motions.

This order does not preclude defendants from filing a renewed motion to dismiss for insufficient service of process if plaintiff does not properly serve defendants by March 23, 2015.

Dated February 23, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY