UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MICHAEL R. SMITH, | CIVIL ACTION NO. 5:14-260-KKC |
| Plaintiff, | |
| V. | MEMORANDUM OPINION AND ORDER |
| PAUL PARKS, BRAD HISLOPE, and CITY OF HARRODSBURG, | |
| Defendants. | |

*** *** ***

This matter is before the Court on six motions filed by *pro se* plaintiff Michael Smith: (1) Smith's Motion for Order (DE 19); (2) Smith's Motion for Default Judgment (DE 23); (3) Smith's Motion to Amend (DE 26); (4) Smith's Reassertion of his Motion for Default Judgment, self-styled as a "Response" (DE 31); (5) Smith's Motion for Order (DE 36); and (6) Smith's Motion for Order (DE 38). In all six motions, Smith requests that the Court award him a monetary lump sum for his alleged injuries. For the following reasons, all of Smith's motions will be denied.

I. Background

This case stems from the allegedly improper arrest of plaintiff Michael Smith, an African-American man, for driving under the influence of alcohol in Harrodsburg, Kentucky. According to Smith, in the early morning hours of May 11, 2014, he drove Brenda Ellis to a hotel to pick up money owed to her by James Moss, a Caucasian man. After a confrontation at the hotel where Moss allegedly threw a "box" of beer at Smith's car, Moss and Smith both drove away from the hotel in separate vehicles. Shortly thereafter,

Moss's vehicle was stopped by Mercer County Deputy Sheriff Paul Parks. Smith stopped his car nearby and exited the driver's seat to tell Deputy Parks about the confrontation that had just transpired. Deputy Parks instructed Smith to get back into his car, and Smith did so. A short time later, City of Harrodsburg Police Officer Brian Hislope[1] arrived at the scene. According to Smith, Deputy Parks directed Officer Hislope to administer a breathalyzer test to Smith because Deputy Parks smelled alcohol on Smith. Plaintiff registered a .15 on the breathalyzer test and was arrested for driving under the influence in violation of K.R.S. § 189A.010. (DE 1-8, Uniform Citation). According to Smith, Moss was not subjected to a breathalyzer test or arrested for driving under the influence, despite being intoxicated. In addition, Smith alleges that Deputy Parks told him that he was being arrested because Smith sued Deputy Parks's brother a few years ago.

On June 5, 2014, Smith filed a *pro se* complaint in Fayette Circuit Court against Deputy Parks, Officer Hislope, and the City of Harrodsburg alleging claims of racial discrimination. (DE 1-3). He also asserts a malicious prosecution claim against Deputy Parks. Smith seeks $300,000 in damages for severe emotional distress and $175,000 in punitive damages. (DE 1-3). At Smith's direction, summonses were issued by certified mail to Mercer County Attorney Ted Dean as the alleged service of process agent for each defendant. (DE 1-3, p. 27-30).

Defendants timely removed the action to this Court on July 1, 2014. (DE 1). In November 2014, defendants filed motions to dismiss asserting a lack of personal jurisdiction due to insufficiency of service of process. (DE 3, 5). After determining that Mercer County Attorney Ted Dean was not the proper service of process agent for any of the defendants, the Court denied defendants' motions to dismiss and provided plaintiff thirty (30) days to effectuate proper service on the defendants. (DE 17).

---

[1] The Court notes that Officer Hislope's first name is Brian, not "Brad," as alleged by Smith.

After serving the defendants,[2] Smith filed a flurry of motions with the Court. The Court will address each of Smith's motions in turn below.

## II. Discussion

### A. Smith's Motion for Order (DE 19)

With this motion, Smith asserts that he is entitled to a $475,000 lump sum because he has properly served the defendants in accordance with this Court's February 23, 2015 Memorandum Opinion and Order (DE 17), and he has provided sufficient evidence of the defendants' guilt in the form of two affidavits. The record, however, reflects that the City of Harrodsburg was the only defendant that had been served when Smith filed this motion. Moreover, even assuming that all the defendants had been served prior to the filing of this motion, their time to file an answer had not yet lapsed. Fed. R. Civ. P. 12(a)(1)(A) (requiring a party to answer a complaint within twenty-one days of service). Furthermore, as the Court explained in its February 23, 2015 Order, the parties have not yet exchanged information through discovery. After resolving all of the pending motions, the Court will enter a scheduling order explaining how the parties will proceed with discovery and dispositive motions. Accordingly, Smith's motion for order (DE 19) is denied as premature.

### B. Smith's Motion for Default Judgment (DE 23)

In his motion for default judgment, Smith argues that he is entitled to a judgment against the defendants in the amount of $475,000 because they failed to timely answer his complaint. (DE 23). In response, all defendants claim that they timely answered Smith's complaint. (DE 28; DE 29).

A defendant must serve an answer within twenty-one (21) days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 55 of the Federal Rules of

---

[2] The summons Smith served on each defendant was defective because it was not issued by the Clerk of the Court. *See* Fed. R. Civ. P. 4(b). The Court notes that defendants City of Harrodsburg and Officer Hislope preserved this defense in their answer. (DE 22).

3

Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Sixth Circuit has stated noted that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases," which do not include situations "[w]here default results from an honest mistake rather than willful misconduct, carelessness or negligence." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.,* 705 F.2d 839, 845 (6th Cir. 1983) (internal quotation marks omitted). "When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

Here, the record reflects that that Officer Hislope and Deputy Parks timely filed their respective answers. Officer Hislope was served on March 4, 2015 and filed his answer on March 25, 2015, exactly twenty-one (21) days later. (DE 21, 22). Deputy Parks was served on March 9, 2015 and filed his answer on March 27, 2015, eighteen (18) days later. (DE 20, 25). Accordingly, Smith's motion for default judgment (DE 23) must be denied with respect to Officer Hislope and Deputy Parks.

However, the City of Harrodsburg filed its answer two days late. The City of Harrodsburg was served on March 2, 2015 and filed its answer on March 25, 2015, twenty-three (23) days later. (DE 18, 22). But the balance of the *Russell* factors militates in favor of denying Smith's motion for a default judgment. Smith will suffer no prejudice as a result of the two-day delay, the amount of money at stake—$475,000—is substantial, and there are a significant number of disputed facts. In addition, because the City of Harrodsburg and

Officer Hislope filed a joint answer that was timely as to Officer Hislope, it is likely that any delay as to the City of Harrodsburg was due to excusable neglect. Accordingly, the Court will not enter a default judgment against the defendants, and Smith's motion (DE 23) is denied.

### C. Smith's Motion to Amend (DE 26) and Reassertion of his Motion for Default Judgment, Self-Styled as a "Response" (DE 31)

In his motion to amend, Smith explains that he is not greedy and requests that the Court reduce the amount of the default judgment to $200,000. (DE 26). In his self-styled "Response," Smith asks to withdraw his motion to amend and again seeks a default judgment of $475,000. Smith reiterates the same arguments he made in his prior motions and does not make any new assertions. Because the Court has already determined that Smith is not entitled to a default judgment in the amount of $475,000 and Smith makes no new arguments for the Court's review, his motion for default judgment (DE 31) is denied. Further, Smith's motion to amend (DE 26) is denied as moot in light of Smith's withdrawal of this motion.

### D. Smith's Motion to Dismiss (DE 36)

With this motion, Smith asks the Court to dismiss his state court charge of driving under the influence because his arrest was allegedly the result of racial discrimination in violation of the equal protection clause of the Fourteenth Amendment. Smith asserts that this Court is "overseeing" both the state court criminal proceeding and the instant action and should dismiss any potential state court conviction.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas,* 74 F.3d 740, 743 (6th Cir.1996) (citing *Younger,* 401 U.S. at 44).

5

Abstention in favor of state courts is proper where: (1) state proceedings are ongoing; (2) an important state interest is implicated; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Tindill v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). Here, all three factors favor abstention: Smith's criminal case is pending, the state has an important interest in adjudicating a criminal case for driving under the influence, and Smith may raise his constitutional challenge in the state court case. Accordingly, the Court will not interfere with the state court case, and Smith's motion to dismiss (DE 36) is denied.

**E. Smith's Motion for Order (DE 38)**

With this motion, Smith again asks this Court to enter a default judgment against the defendants in the amount of $475,000. Smith filed this motion after the Court ordered that "the parties shall not file any additional motions or pleadings until the Court resolves all pending motions." (DE 33). Thus, Smith's motion for order (DE 38) is denied for failure to comply with the Court's prior order.

**III. Conclusion**

For the reasons stated above, **IT IS ORDERED** as follows:

1. Smith's Motion for Order (DE 19) is **DENIED as premature**;
2. Smith's Motion for Default Judgment (DE 23) is **DENIED**;
3. Smith's Motion to Amend his Motion for Default Judgment (DE 26) is **DENIED as moot** because plaintiff has withdrawn this request;
4. Smith's reassertion of his Motion for Default Judgment, self-styled as a "Response," (DE 31) is **DENIED**;

5. Smith's Motion to Dismiss (DE 36) is **DENIED**; and

6. Smith's Motion for Order (DE 38) is **DENIED**.

Dated August 27, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY