UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **MICHAEL R. SMITH,** | **CIVIL ACTION NO. 5:14-cv-260-KKC** |
| **Plaintiff,** | |
| V. | <u>**OPINION AND ORDER**</u> |
| **PAUL PARKS,**<br>**BRAD HISLOPE, and**<br>**CITY OF HARRODSBURG,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's Motion to Recuse [DE 59], Plaintiff's motions for a $475,000 lump sum judgment [DE 64; 67; 80; 82; 85[1]], and Defendant Paul Parks' Motion to Preclude Plaintiff from Filing Additional Motions or Pleadings Without Leave of the Court ("Motion to Preclude"). [DE 63.] For the reasons stated in herein, the Court will deny Plaintiff's Motion to Recuse and motions for a $475,000 lump sum judgment, and grant the Motion to Preclude.

I.   BACKGROUND

This case stems from the allegedly improper arrest of plaintiff Michael Smith ("Smith"), an African-American man, for driving under the influence of alcohol in Harrodsburg, Kentucky. According to Smith, in the early morning hours of May 11, 2014, he drove Brenda Ellis to a hotel to pick up money owed to her by James Moss ("Moss"), a Caucasian man. After a confrontation at the hotel where Moss allegedly threw a "box" of

---

[1] Docket entry eighty-five is described in the Record as a motion for entry of default, but in reality it is simply another motion for a $475,000 lump sum judgment. In fact, the motion is titled "Motion for $475,000 Lump Sum Judgment from City of Harrodsburg or its Insurance Company." Therefore, the Court will construe the motion as such, rather than as a motion for entry of default.

beer at Smith's car, Moss and Smith both drove away from the hotel in separate vehicles. Shortly thereafter, Moss's vehicle was stopped by Mercer County Deputy Sheriff Paul Parks ("Deputy Parks"). Smith stopped his car nearby and exited the driver's seat to tell Deputy Parks about the confrontation with Moss. Deputy Parks instructed Smith to get back into his car, and Smith did so. A short time later, City of Harrodsburg Police Officer Brian Hislope ("Officer Hislope") arrived at the scene. According to Smith, Deputy Parks directed Officer Hislope to administer a breathalyzer test to Smith because Deputy Parks smelled alcohol on Smith. Plaintiff registered a .15 on the breathalyzer test and was arrested for driving under the influence in violation of K.R.S. § 189A.010. [DE 1-3 at 23, Uniform Citation.] According to Smith, Moss was not subjected to a breathalyzer test or arrested for driving under the influence, despite being intoxicated. In addition, Smith alleges that Deputy Parks told him that he was being arrested because Smith previously sued his brother.

On June 5, 2014, Smith filed a *pro se* complaint in Fayette Circuit Court against Deputy Parks, Officer Hislope, and the City of Harrodsburg alleging claims of racial discrimination. [DE 1-3.] He also asserts a malicious prosecution claim against Deputy Parks. Smith seeks $300,000 in damages for severe emotional distress and $175,000 in punitive damages. [DE 1-3.] Defendants timely removed the action to this Court on July 1, 2014. [DE 1.]

## II. ANALYSIS

### A. Motion to Recuse

Smith filed a motion for an order directing Magistrate Judge Wier to recuse himself from this case. [DE 59.] Smith's sole argument in support is that Judge Wier has denied all of his motions, which according to Smith shows that Judge Wier is prejudiced against him. [DE 59 at 1-2.] In a later motion, Smith "apologizes" to Judge Wier for calling him

2

prejudiced. [DE 64 at 1.] This apology could be construed as a withdrawal of the motion to recuse. Nevertheless, assuming that Smith still stands by his Motion to Recuse, it will be denied because it is meritless.

Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might be reasonably questioned." Subsection (b) sets out specific circumstances in which a judge must also disqualify himself, including "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

The fact that Judge Wier has denied all of Smith's previous motions would not lead a reasonable person to question his impartiality and does not by itself suggest that Judge Wier is prejudiced against Smith. The Court reviewed each of Judge Wier's orders in this matter and could not find even a hint of prejudice. On the contrary, Judge Wier was exceedingly patient and impartially handled motions from both parties. *See* [DE 55] (overruling objections from both Smith and Defendants). Judge Wier's denial of Smith's motions speaks more to the nature of the filings than to any prejudice on the part of Judge Wier. *See, e.g.,* [DE 58.] Therefore, the Court will deny Smith's Motion to Recuse.

**B. Motions for a $475,000 Lump Sum Judgment**

There are currently five motions for a $475,000 lump sum judgment pending in this case. [DE 64; 67; 80; 82; 85.] These motions are substantively identical. Smith provides no valid basis for a judgment in his favor, so each of his motions will be denied.

Smith makes numerous baseless assertions in his motions. Smith incorrectly declares that the Court has already found Defendants guilty. [DE 64 at 3; 67 at 2.] The Court denied Defendants' initial motions to dismiss without prejudice and allowed Smith to cure his deficient service of process, but at no point did the Court find that Defendants are liable to Smith. *See* [DE 17.]

3

Smith repeatedly asserts that Defendants are guilty of violating his civil rights under Title VII, "even if plaintiff is not an employee of [the City of Harrodsburg]." [DE 64 at 2;DE 67 at 1; DE 80 at 2; DE 85 at 2.] In fact, Smith admits that he is not an employee of the City of Harrodsburg, stating: "Plaintiff is GLAD plaintiff has NO Relationship with Paul Parks and Brad, Brian Hislope, because Parks & Hislope think they are ABOVE Federal Law!!!" [DE 71 at 1-2] (emphasis in original). Therefore, Smith's motions fail as a matter of law to the extent they are based on Title VII because he has no employment relationship with the Defendants. 42 U.S.C. § 2000e-2 (prohibiting "unlawful employment practice"); *see also McQueen v. Equinox Intern. Corp.*, 36 Fed. Appx. 555, 556 (6th Cir. 2002) (dismissing Title VII claim where the plaintiff "failed to establish the existence of an employer-employee relationship"); *Beil v. Lake Erie Corr. Records Dep't.*, 282 F. App'x 363, 365 n.1 (6th Cir. 2008) (noting that Title VII prohibits employment discrimination and, because the Plaintiff was not the defendants' employee, the district court appropriately granted summary judgment in favor of the defendants.).

In one of his motions, Smith cites *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001) for the proposition that the Court must accept his allegations as true. [DE 64 at 2.] *Urbina* requires allegations to be "taken as true" when a court is "ruling on a motion to dismiss." *Id.* The Court is not currently ruling on a motion to dismiss, so *Urbina* is not applicable.

Finally, in his most recent filing, Smith asserts that the Defendants disobeyed Judge Wier's scheduling order. [DE 82 at 1-2.] The Scheduling Order states that all parties shall complete discovery by April 26, 2016. [DE 48 at 2.] Smith appears to believe that Defendants were required to file something by that date. [DE 82 at 2.] He asserts that he is entitled to a default judgment based on Defendants' failure to file any defense by April 26th. [DE 82-2.] The Defendants have already raised numerous defenses in their Answers.

4

[DE 22; 25.] Moreover, the Scheduling Order clearly does not require the Defendants to file anything by April 26th. *See* [DE 48.] Therefore, Smith's newest contention is also meritless.

Smith has presented no viable grounds for a judgment in his favor. Accordingly, the Court will deny each of his five motions for a $475,000 lump sum judgment.

**C. Motion Preclude Plaintiff from Filing Additional Motions or Pleadings Without Leave of the Court**

Finally, Deputy Parks moves the Court to preclude Smith from filing any additional motions or pleadings without leave. [DE 63.] Despite filing numerous other documents, Smith failed to respond to Deputy Parks' motion. Due to the high volume and repetitive, frivolous nature of his filings, it is necessary to enjoin Smith from filing any additional motions or other pleadings in this case without prior permission from the Court.

Federal courts have the inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Sixth Circuit has repeatedly held that the proper method for handling vexatious litigants is to enjoin them from filing additional pleadings without prior leave from the court. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Sharwell v. Sherwin*, 234 F.3d 1269 (6th Cir. 2000) ("A district court has the authority to enjoin prolific litigants from filing pleadings unless they first obtain court approval, and such pre-filing restrictions do not violate the First Amendment."); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *A & H Mgmt. Servs. v. Chafflose Corp.*, 2011 U.S. App. LEXIS 26161 (6th Cir. 2011) ("A district court has the authority to enjoin prolific litigants from filing harassing and vexatious pleadings.").

There is no doubt that Smith is a vexatious litigant. As noted in the prior section, there are presently five motions for a $475,000 lump sum judgment before the Court. In addition, Smith has filed at least ten other motions, responses, objections, or notices demanding $475,000. [DE 16; 19; 23; 37; 38; 39; 44; 51; 62; 79] One such filing came in response to Deputy Parks' one sentence notice that he served his FRCP 26(a)(1) initial disclosures. [DE 60.] Smith's three page "response" is entirely unrelated to Deputy Parks' notice and rehashes the same allegations that Smith belabors over and over, illustrating the degree to which Smith's filings unnecessarily flood the Court's docket. [DE 62.] Smith tendered his most recent demand on May 5, 2016, which indicates that he is intent on continuing his pattern of behavior. [DE 85.]

The content of Smith's motions further demonstrates that he should be barred from filing without prior leave. As stated previously, Smith continually misrepresents that the Court has found Defendants liable. *See, e.g.,* [DE 71 at 3.] ("Chief Judge Caldwell has found liable defendants guilty to Plaintiff $475,000 1 lump sum judgment."). Similarly, Smith mistakenly asserts that the Defendants' only defense is failure of service of process. *See* [DE 64 at 3; 71 at 3.] At one point, Smith personally attacks Defendants' counsel, stating: "Hon. Wright and Hon. Stilz BOTH of you ARE NOT Defense Attorneys, ONLY thing Both of you ARE good at is Finding case sightings [sic] which are Moot!!" [DE 71 at 3.] In a Notice of Meeting with Harrodsburg Mayor Eddie Long, Smith asserts that "the dispute between Plaintiff and Defendant, City of Harrodsburg has been RESOLVED." [DE 73 at 1.] The Court is left wondering whether Smith intends to dismiss his claims against the City of Harrodsburg, or if he is making yet another baseless claim that he should prevail in this action. Lastly, docket entry seventy-nine is titled "Out of Court Settlement Agreement," but is actually just another demand for a $475,000 lump sum judgment. [DE 79.] In short,

6

Smith's filings cause confusion, waste the Court's time, and do nothing to advance the resolution of this case.

Smith also violated an unambiguous order from Judge Wier. Following a telephone conference on December 18, 2015, Judge Wier ordered "Plaintiff to stop filing motions requesting a court order for Defendants to settle the case." [DE 74.] Judge Wier reiterated to Smith that all parties, including pro se parties, must follow court orders. [DE 74.] Since the telephone conference, Smith has filed at least two pleadings that explicitly demand a settlement in clear violation of Judge Wier's order. [DE 79 at 2; 80 at 2.] Smith's disregard for prior orders attempting to streamline this case supplies yet another reason for imposing a strict filing restriction.

The manner in which Smith has conducted this lawsuit is consistent with his litigious past. As Deputy Parks points out, over the past twenty years Smith has filed fifteen lawsuits in the Eastern District of Kentucky. [DE 63-3, Exhibit B, PACER Results.] Smith has also filed twelve state court actions. [DE 63-4, Exhibit C, CourtNet Results.] At least one Judge in this District previously imposed filing restrictions on Smith. [DE 63-2, *Michael Ray Smith v. James B Haggin Memorial Hospital*, 5:09-cv-00014-JBC (E.D.Ky.)] ("Because Michael Ray Smith has a history of filing frivolous complaints and has continued to file them despite being forewarned of the consequences of such conduct, he will not be permitted to bring a civil action hereafter, UNLESS he files with his complaint either (a) the District Court filing fee or (b) a Motion to proceed *in forma pauperis . . . and also* a Motion for the Court's permission to initiate another civil action.") (emphasis in original).

An injunction is necessary to achieve an orderly, expeditious disposition of this case. Each time Smith files a motion demanding a lump sum of $475,000 he forces both the Court and the Defendants to needlessly expend resources evaluating and dealing with his filings. As the Supreme Court has stated, "[e]very paper filed with the Clerk of this Court, no

7

matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989). In furtherance of its responsibility to efficiently allocate resources, the Court will grant Deputy Parks' Motion to Preclude.

Given Smith's disregard for Judge Wier's earlier order, Smith is warned that failure to comply with this Order may result in sanctions up to and including dismissal of this action. The filing of frivolous motions is an abuse of the judicial process and may also result in the imposition of monetary or other sanctions against Smith personally. Finally, Smith is cautioned that the Court will not tolerate frivolous requests for leave to file additional motions.

### III. CONCLUSION

For the reasons stated above, the Court **HEREBY ORDERS** as follows:

1. Smith's Motion to Recuse [DE 59] is **DENIED**;
2. Smith's five motions for a $475,000 lump sum judgment [DE 64; 67; 80; 82; 85] are **DENIED**;
3. Deputy Parks' Motion to Preclude Plaintiff from Filing Additional Motions or Pleadings Without Leave of the Court [DE 63] is **GRANTED**;
    a. Smith shall not file any additional motions, pleadings, or other documents in this matter without prior express leave from the Court. If Smith desires leave to file a motion or pleading, he shall submit a motion titled "Motion for Leave to File" and describe the nature of his proposed motion or pleading.
    b. If any Defendant files a motion in this matter, Smith is permitted to file **one (1)** response to each motion.

4. The Clerk of the Court is **DIRECTED** to accept only the following from Michael Ray Smith in this matter: (a) an above-described Motion for Leave to File, and (b) **one (1)** response to each motion filed by the Defendants. The Clerk shall not accept any other motions, pleadings, or other documents filed by Michael Ray Smith in this matter, unless he has received prior leave from the Court. In the event that Smith files an unauthorized motion, pleading, or other document, the Clerk shall notify the Court by making a notation in the Record and include a copy of the tendered documents.

5. The Defendants **SHALL NOT** file a response to any unauthorized motion, pleading, or other document that is merely noted in the Record as provided by paragraph four above.

Dated May 17, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY