UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MICHAEL R. SMITH, | CIVIL NO. 5:14-CV-260-KKC-REW |
| Plaintiff, | |
| V. | OPINION & ORDER |
| PAUL PARKS, BRAD HISLOPE, and CITY OF HARRODSBURG, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

On May 17, 2016, this Court entered an order granting Defendant Paul Parks' ("Parks") Motion to Preclude Plaintiff Michael R. Smith ("Smith") from Filing Additional Motions or Pleadings Without Leave of the Court. [D.E. 87]. Plaintiff Michael R. Smith was directed to not "file any additional motions, pleadings, or other documents in this matter without prior express leave from the Court". [D.E. 87]. Smith has violated that direct order. For the reasons that follow, this case will be dismissed.

## BACKGROUND

There is no reason to recite the entire factual record of this case. In other orders, this Court has previously discussed the events underpinning Smith's claim. [D.E. 87]. Relevant here is as follows.

Smith is a vexatious litigant. Over the course of this case, Smith has filed a multitude of motions asking for a $475,000 lump sum judgment. [D.E. 64; 67; 80; 82; 85]. He also violated a direct order from a United States Magistrate Judge to stop filing motions requesting a court order for Defendants to settle the case." [D.E. 74.] Judge Wier reiterated that all parties, including *pro se* parties, must follow court orders. [D.E. 74.]. Since that telephone conference, Smith filed at least two more pleadings explicitly demanding a settlement. [D.E. 79 at 2; 80 at 2].

1

Moreover, as of May 2016, Smith had filed at least ten other motions, responses, objections, or notices demanding a $475,000 lump sum. [D.E. 16; 19; 23; 37; 38; 39; 44; 51; 62; 79].

In an effort to stem the delay in the prosecution of the case, the Court entered an order on May 17, 2016 enjoining Smith from making any additional filings without prior leave of the Court. [D.E. 87]. Defendants have since filed motions for summary judgment, seeking dismissal of Smith's claims against them. [D.E. 88; 89]. Smith has responded to the motions. [D.E. 91].

Consistent with his past behavior, however, Smith has filed four additional documents. In the first, styled as a "Response" to "defendants 'Rebuttal' for Summary Judgment" Smith asserts that Defendants should "Settle today" and that he "must be compensated from defendant, liable, defendant, City of Harrodsburg or its Insurance Carrier, Calputation (sic) of damages; $300,000 Lump Sum & 175,000 Lump Sum 'punitive damages' $475,000 Lump Sum." [D.E. 93, at 3]. In the second, styled as a settlement motion, Smith asserts that he wants a lump sum of money. [D.E. 97]. He also proclaims that the Court had already adjudged Defendants guilty of violating his civil rights. The third, tendered as a "Notice," largely mirrored the other two documents. Smith demands a $475,000 lump sum and states that "Its Time for Justice for Plaintiff; please 'DENY' defendant 'MOOT' motion for summary judgment because you, Hon. Caldwell (mam) found defendants' guilty of violating plaintiff (sic) civil right . . . ." [D.E. 99, at 3]. And fourth, Smith submitted a "Memorandum" in which he proclaims that he "ha[d] won." He also attached a proposed "Order" directing Defendants to pay him $475,000. The "Order"—presumably speaking for the Court—also threatens that "It would be in defendants best interest as [the Judge] stated before to SETTLE with plaintiff before [the Judge] sign[ed] this ORDER." [D.E. 102, at 2].

All of Smith's motions were filed without leave.

## DISCUSSION

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper

2

>venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or to comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)

>In reviewing a dismissal under Rule 41(b), the Court must consider four factors:
>
>(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999*)); Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015).

With respect to the first factor, the Court finds that Smith has exhibited a clear record of contumacious conduct in refusing to follow this Court's orders. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)) ("The first factor . . . requires 'a clear record of delay or contumacious conduct.' "). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.' " *Id.* at 704–05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). To satisfy the first prong, "the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id.* at 705 (additional quotation marks and citation omitted).

It is not clear that Smith's continual filing of notices, pleadings, or other documents is rooted in an intent to thwart judicial proceedings. In fact, it is the opposite. From his filings, Smith has made it quite clear that he wants his case to end with a favorable settlement or a legal victory. But in filing these documents, Smith fails to realize that by his ocndut, he is delaying rather than advancing the case. As the Supreme Court has stated: "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989).

3

Smith is aware of this Court's previous order. He has chosen to disregard it in pursuit of litigating the case the way he sees fit. At the very least, Smith's actions rise to the level of willfulness. In the Court's view, this factor weighs in favor of dismissal.

The second factor does not weigh heavily in favor of dismissal at this point in the litigation. Defendants have not taken any action since filing their motions for summary judgment. This is in large part because the Court instructed them to sit on their hands. [D.E. 87] ("The Defendants SHALL NOT file a response to any unauthorized motion, pleading, or other document that is merely noted in the Record."). More broadly, though, it is undeniable that Defendants have been prejudiced in this case. For example, Defendants took the step and filed a motion to preclude Smith from filing court documents without leave. [D.E. 63, at 7] ("Plaintiff must be enjoined from filing additional motions or pleadings without leave of this Court based upon the volume of his filings and their repetitive, frivolous and harassing nature. In the past 10 months, Plaintiff has filed 17 rambling motions, repeatedly demanding a lump sum payment of $475,000 and unrelentingly labelling Defendants as 'guilty,' 'liable,' and 'racist.' These allegations are not made in an effort to earnestly plead Plaintiff's case."). Nevertheless, the second factor, though not for Smith's own doing, is neutral because the Court has already taken a step to limit the prejudicial effect of Smith's actions.

As to the third factor, Smith received clear warning of the possible dismissal of his action as a sanction for a failure to act in accordance with a direct order from this Court. Specifically, this Court warned "that failure to comply with this Order may result in sanctions up to and including dismissal of this action. The filing of frivolous motions is an abuse of the judicial process and may also result in the imposition of monetary or other sanctions against Smith personally. Finally, Smith is cautioned that the Court will not tolerate frivolous requests for leave to file additional motions." [D.E. 87, at 8]. Not only was Smith warned, but the Court gave him express directions on how to comply with its order, instructing: "Smith shall not file any additional motions, pleadings, or other documents in this matter without prior express leave from the Court. If Smith desires leave to file a motion or pleading, he shall submit a motion titled 'Motion for Leave to File' and describe the nature of his proposed motion or pleading." [D.E. 87, at 8]. The Court could not have been more transparent with its warning or with its instructions. In spite of this, Smith continued to file documents without obtaining leave. Not once, but four times.

Before dismissing, however, the Court must consider less drastic sanctions, *T.W. Wang, Inc.*, 420 F.3d at 643, because "it is difficult to define the quantity or quality of the

misconduct which may justify dismissal with prejudice." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367–68 (6th Cir. 1997), *cert. denied*, 522 U.S. 868 (1997). Weighing against dismissal are two factors. It is true that lesser sanctions have not been placed on Smith this point. He did violate an order from Judge Wier, but no actual sanctions were imposed beyond the current filing restriction. And it is also true that *pro se* litigants are afforded some leniency on matters that require legal sophistication, such as formal pleadings rules. But the former is "not fatal" to a finding of dismissal, *Harmon*, 110 F.3d at 367–68, and the latter leeway does not apply when "a *pro se* litigant fails to comply with an easily understood court-imposed deadline [because] there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In this case, there is no realistic alternative to dismissal of Smith's case. First, this case is the latest in a long line of lawsuits [DE 63-3, Exhibit B, PACER Results; DE 63-4, Exhibit C, CourtNet Results] where, in at least one, Smith has faced similar filing restrictions. [DE 63-2, *Michael Ray Smith v. James B Haggin Mem'l Hosp.*, 5:09-cv-00014-JBC (E.D. Ky.)]. Simply stated, Smith has prosecuted this case in a manner that disregards prior warnings from other courts and that has earned him a filing restriction in the present case.

Moreover, and more directly relevant to the Court's decision, is the conduct that prompted this order. Smith filed four documents without obtaining leave. All four fly in the face of a direct order from this Court. Given his failure to heed such an unambiguous order, it is not at all clear that any lesser sanction would be appropriate or would have much efficacy in allowing this case to continue unimpeded by repeated demands for a lump sum payment.

## CONCLUSION

Upon consideration of all these factors, the Court is left with no choice but to dismiss this action with prejudice for Smith's continued recalcitrance in filing multiple documents without seeking leave of court—all in contravention of a direct order.

Accordingly, it is hereby **ORDERED** as follows:

1. The Defendants' Motions for Summary Judgment [[D.E. 88; 89] are **DISMISSED AS MOOT**.

2. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket; and

3. All other dates previously scheduled are hereby **CANCELED**.

Dated January 19, 2017.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY